3:08-CV-32-J-32JRK

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEORGE MORAT, on behalf of himself and
all others similarly situated,

**CLASS ACTION COMPLAINT**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

IAC/INTERACTIVE CORP., a foreign
corporation, CORNERSTONE BRANDS,
INC., a foreign corporation, CINMAR, INC., a
foreign corporation, CINMAR LP, a foreign
limited partnership, and DOES 1-10,

Defendants.

**CLASS ACTION COMPLAINT**

Plaintiff, George Morat ("Plaintiff"), individually and on behalf of all others similarly situated, hereby makes the following allegations against IAC/Interactive Corp., Cornerstone Brands, Inc., Cinmar, Inc., Cinmar LP, and Does 1 through 10 (collectively, "IAC" or "Defendants"), and states:

**I.  NATURE OF THE CASE**

1.  The Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681, *et. seq.* (the "FACTA") was passed in 2003 in an effort to protect consumers from the perils of identity theft. Specifically, *inter alia*, the FACTA prohibits businesses that accept payment via credit or debit card from including more than the last five digits of a credit or debit card number and/or the card's expiration date on electronically printed receipts provided to consumers (the "Prohibited Information"). If followed, the FACTA deters identify theft by reducing an identity thief's access to and ability to obtain a consumer's valuable account information. Plaintiff brings the

following claim, individually and on behalf of all others similarly situated, to remedy Defendants' continuing, willful, and flagrant violation of the FACTA.

2. As described more fully below, despite having up to three years to become compliant with the FACTA's mandates, Defendants willfully and improperly include the Prohibited Information on each electronically printed receipt it provides to consumers with whom it enters into a credit card or debit card transaction. This practice subjects Plaintiff, and other similarly situated consumers, to an increased risk of identity theft and deprives them of the intended benefits of the FACTA.

## II. PARTIES

3. Plaintiff is a resident of St. Augustine, Florida, and is otherwise *sui juris*.

4. Defendant IAC/Interactive Corp. operates leading and diversified businesses in various sectors, including a "Retailing" sector, which provide products and services through a diversified portfolio of specialized and global brands. The Retailing sector markets and sells a wide range of third party and private label merchandise directly to consumers through catalogs, which consist primarily of the Cornerstone Brands, Inc. portfolio of print catalogs and related websites. IAC/Interactive Corp. acquired Cornerstone Brands, Inc. in April 2005. IAC/Interactive Corp. is a Delaware Corporation with its principal place of business in New York, New York, which does business and engages in the trade and commerce of providing products and services throughout the United States, including in the State of Florida and in the Middle District of Florida.

5. Cornerstone Brands, Inc. is a family of leading catalog brands for the home, leisure and casual apparel. Cornerstone Brands, Inc. ranks among this country's top ten consumer direct firms. Cornerstone Brands, Inc.'s brands include Frontgate, Ballard Designs, Garnet Hill, Smith + Noble, The Territory Ahead, TravelSmith, and Grandin Road. Cornerstone

2

Brands, Inc. also operates Frontgate.com, Grandinroad.com, BallardDesigns.com, GarnetHill.com, SmithandNoble.com, TheTerritoryAhead.com, and TravelSmith.com, which serve as other storefronts for merchandise featured in the corresponding print catalogs, and certain other websites. Cornerstone Brands, Inc. is a Delaware Corporation with its principal place of business in West Chester, Ohio, which does business and engages in the trade and commerce of providing products and services throughout the United States, including in the State of Florida and in the Middle District of Florida.

6. Upon information and belief, Cinmar, Inc. is the general partner to Cinmar LP and is solely owned by Cornerstone Brands, Inc. Cinmar, Inc. is a Ohio corporation with its principal place of business in Lebanon, Ohio and, upon information and belief, markets and transacts business through the Cornerstone Brands, Inc. portfolio of catalogs and related websites, including Frontgate, Ballard Designs, Garnet Hill, Smith + Noble, The Territory Ahead, TravelSmith, and Grandin Road. Cinmar, Inc. does business and engages in the trade and commerce of providing products and services throughout the United States, including in the State of Florida and in the Middle District of Florida.

7. Upon information and belief, Cinmar LP is a limited partnership formed in Ohio with its principal place of business in Lebanon, Ohio. Upon information and belief, Cinmar LP markets and transacts business through the Cornerstone Brands, Inc. portfolio of catalogs and related websites, including Frontgate, Ballard Designs, Garnet Hill, Smith + Noble, The Territory Ahead, TravelSmith, and Grandin Road. Cinmar LP does business and engages in the trade and commerce of providing products and services throughout the United States, including in the State of Florida and in the Middle District of Florida.

8. Plaintiff is informed and believes, and thereupon alleges, that at all times material to this action IAC/Interactive Corp., Cornerstone Brands, Inc., Cinmar, Inc., Cinmar LP, and Does 1 through 10 were affiliated and were an integrated enterprise.

9. Plaintiff is unaware of the true names of Defendants Does 1 through 10. Said Defendants are sued by fictitious names and the pleadings will be amended as necessary to obtain relief against Defendants Does 1 through 10 when the true names are ascertained or when such facts pertaining to the liability of Defendants Does 1 through 10 are ascertained, or as permitted by law or by the Court.

### III. JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to the FACTA, which provides that "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy...." 15 U.S.C. §1681(p). This Court also has jurisdiction under 28 U.S.C. §1331 and §1332.

11. Venue is proper in this Court because the acts arising to the claim asserted herein occurred in this District.

### IV. CLASS ALLEGATIONS

12. Plaintiff brings this action on her own behalf and as a class action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class (the "Class") consisting of:

> All consumers who received an electronically printed credit card or debit card receipt from IAC/Interactive Corp., Cornerstone Brands, Inc., Cinmar, Inc., Cinmar LP, and/or Does 1 through 10, since December 4, 2006 that contained more than the last five digits of the consumer's credit card or debit card and/or the credit or debit card's expiration date.

Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the Class definition. Excluded from the Class are Defendants and any respective parent, subsidiary and/or affiliated companies, directors and officers, and members of their immediate families.

13. The members of the Class are so numerous and geographically diverse, that joinder of all of them is impracticable. Plaintiff believes, and therefore avers, that Defendants have improperly included Prohibited Information on electronically printed credit and debit card receipts of thousands of customers since December 4, 2006.

14. The prosecution of separate actions by individual members of the Class would create a risk of: (a) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or (b) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

15. There are questions of fact and law common to members of the Class that predominate over any questions affecting any individual members including, *inter alia*, the following:

(a) Whether Defendants' credit card and debit card receipts contain more than the last five digits of the consumer's credit or debit card number;

(b) Whether Defendants' credit card and debit card receipts contain the expiration date of the consumer's credit card or debit card;

(c) Whether Defendants' conduct constitutes a violation of the FACTA;

(d) Whether Plaintiff and the other members of the Class were damaged by Defendants' conduct and, if so, what is the proper measure of damages.

16. The claims of Plaintiff are typical of the claims of the other members of the Class, and Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class.

17. Plaintiff will fairly and adequately protect the interests of the other members of the Class. Plaintiff is committed to prosecuting this class action and has retained competent counsel experienced in litigation of this nature.

18. Plaintiff envisions no unusual difficulty in the management of this action as a Class Action. For all of the foregoing reasons, a class action is superior to the other available methods for the fair and efficient adjudication of this action.

## V. FACTUAL ALLEGATIONS

**Background**

19. Defendant IAC/Interactive Corp. operates leading and diversified businesses in various sectors, including a "Retailing" sector, which provide products and services through a diversified portfolio of specialized and global brands. The Retailing sector markets and sells a wide range of third party and private label merchandise directly to consumers through catalogs, which consist primarily of the Cornerstone Brands, Inc. portfolio of print catalogs and related websites. IAC/Interactive Corp. acquired Cornerstone Brands Inc. in April 2005.

20. Cornerstone Brands, Inc. is a family of leading catalog brands for the home, leisure, and casual apparel. Cornerstone Brands, Inc. ranks among this country's top ten consumer direct firms. Cornerstone Brands, Inc.'s brands include Frontgate, Ballard Designs, Garnet Hill, Smith + Noble, The Territory Ahead, TravelSmith, and Grandin Road. Cornerstone Brands, Inc. also operates Frontgate.com, Grandinroad.com, BallardDesigns.com,

GarnetHill.com, SmithandNoble.com, TheTerritoryAhead.com, and TravelSmith.com, which serve as other storefronts for merchandise featured in the corresponding print catalogs, and certain other websites.

21. Upon information and belief, Cinmar, Inc. markets and transacts business through the Cornerstone Brands, Inc. portfolio of catalogs and related websites, including Frontgate, Ballard Designs, Garnet Hill, Smith + Noble, The Territory Ahead, TravelSmith, and Grandin Road.

22. Upon information and belief, Cinmar LP markets and transacts business through the Cornerstone Brands Inc. portfolio of catalogs and related websites, including Frontgate, Ballard Designs, Garnet Hill, Smith + Noble, The Territory Ahead, TravelSmith, and Grandin Road.

23. Plaintiff is informed and believes, and thereupon alleges, that at all times material to this action IAC/Interactive Corp., Cornerstone Brands, Inc., Cinmar, Inc., Cinmar LP, and Does 1 through 10 were affiliated and were an integrated enterprise.

24. As part of its operations, IAC accepts from its customers certain credit and debit cards for payment for its merchandise. In transacting its business with persons such as Plaintiff and members of the Class, IAC uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions. It is IAC's policy and practice to provide each of its customers with an electronically printed receipt for each transaction made by either credit card or debit card. The receipt is intended by IAC to be printed, saved, maintained, and used by the customer in the same manner as any consumer transaction purchase.

**The FACTA**

25. The FACTA, signed into law on December 4, 2003, is designed, in part, to deter the growing problem of identity theft in the United States.

26. Pertinent here, the FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. §1681c(g).

27. The FACTA gave companies up to a generous three-year phase-in period with which to comply with its Prohibited Information mandates. This Prohibited Information provision of the FACTA became effective on December 4, 2006 with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was in use before January 1, 2005.

28. All cash registers or other machines or devices that electronically print receipts for credit card or debit card transactions that were first put into use on or after January 1, 2005 were required to be immediately compliant with 15 U.S.C. §1681c(g).

29. Notwithstanding that there was up to a three-year period with which to comply with the Prohibited Information provision of the FACTA, Defendants continue to issue electronically printed receipts to consumers that contain more than the last five digits of the consumer's credit card or debit card and/or the consumer's credit card or debit card expiration date.

30. Defendants knew of, or should have known of, and were informed about the law, including specifically the FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates. For example, but without

limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express, and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendants about the FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates, and Defendants' need to comply with the same.

31. Despite Defendants' knowing, or reckless disregard of, the FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with the FACTA's requirements, Defendants willfully violated and continue to violate the FACTA's requirements by, *inter alia*, printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to members of the Class – persons with whom Defendants transacts business.

32. Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt-printing process into compliance with the FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date on the electronically printed receipts provided to cardholders. Defendants could have readily done the same.

33. In contrast, Defendants willfully disregarded the FACTA's requirements and continue to include the Prohibited Information on each electronically printed receipt it provides to consumers with whom it enters into a credit card or debit card transaction.

34. Defendants willfully violated the FACTA in reckless disregard of the rights of Plaintiff and the members of the Class thereby exposing Plaintiff and the members of the Class to an increased risk of identity theft and credit and/or debit card fraud.

35. As a result of Defendants' willful violation of the FACTA, Defendants are, *inter alia*, liable to Plaintiff and each member of the Class in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

**The Representative Plaintiff's Credit Card Receipt**

36. On November 19, 2007, Plaintiff used his American Express credit card to pay Defendants for merchandise in the amount of $113.00.

37. After processing Plaintiff's credit card, Defendants provided Plaintiff with an electronically printed receipt evidencing the sale (the "Receipt").

38. Plaintiff's Receipt includes his credit card's expiration date, in clear violation of the FACTA.

39. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the supervision and control of the Defendants herein.

40. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was willful, reckless, and exhibited a grossly negligent disregard for federal laws and the rights of Plaintiff herein.

**VI. CAUSE OF ACTION**

**COUNT I**
**Violations of Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681(c)**

41. Plaintiff hereby adopts and incorporates by reference paragraphs 1 to 40.

42. Plaintiff brings this claim pursuant to the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681, *et seq.*

43. As described above, Defendants routinely violate the FACTA by providing their customers with electronically printed receipts for credit card and debit card purchases that contain more than the last five digits of the customer's card number and/or the card's expiration date.

44. Defendants willfully violate the FACTA, as described above.

45. Plaintiff and the Class are entitled to: (1) actual damages; (2) statutory damages; and (3) punitive damages.

46. Plaintiff has retained the services of the undersigned attorneys who are entitled to a reasonable fee upon prevailing pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**WHEREFORE,** Plaintiff, on behalf of himself and the Class as defined herein, respectfully demands a trial by jury and prays for judgment as follows:

A. Certifying that this civil action may be maintained as a class action by the named Plaintiff as representative of the Class and that Plaintiff's attorneys of record be designated as Class counsel;

B. Awarding compensatory, statutory, punitive, and other legal damages to Plaintiff and the Class;

C. A permanent injunction enjoining Defendants from engaging in conduct in violation of the FACTA;

D. Awarding pre-judgment and post-judgment interest to Plaintiff and the Class, as allowed by law;

E. Awarding attorneys' fees and costs to counsel for Plaintiff and the Class; and

F.    Granting such other and further relief as is just and proper.

## V. JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all Counts so triable.

DATED: January 9, 2008

**COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP**
JACK REISE
jreise@csgrr.com
Florida Bar No. 058149
STEPHEN R. ASTLEY
sastley@csgrr.com
Florida Bar. No. 0139254
MICHAEL L. GREENWALD
mgreenwald@csgrr.com
Florida Bar No. 761761

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

*Counsel for Plaintiff and the Proposed Class*